UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA            JUDGMENT INCLUDING SENTENCE
            -v-                     UNDER THE SENTENCING REFORM ACT

ALEXANDER GARCIA                    CASE NUMBER:CR-05-162 (ARR)
-----------------------------------x PETER KIRCHHEIMER, ESQ
                                    16 COURT STREET, 3rd FL.
                                    BROOKLYN, NEW YORK 11241
                                    Defendant's Attorney & Address

THE DEFENDANT:
___ pleaded guilty to count one of the indictment.
___ was found guilty on counts                after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 841(a)(1) & 841(b)(1)(C) | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE. | ONE (1) |

The defendant is sentenced as provided in pages 2 through   of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)         and is discharged as
    to such count(s).
___ Remaining counts are dismissed on the motion of the United States.
XXX It is ordered that the defendant shall pay to the United States a special
    assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_              JULY 13, 2005
                                     Date of Imposition of Sentence
Defendant's Date of Birth 4/2/75

Defendant's Mailing Address:         ALLYNE R. ROSS, U.S.D.J.

BARIO SANTA CLARA #212               JULY 13, 2005
                                     Date
CIDRA, PUERTO RICO 00739
                                     A TRUE COPY ATTEST
Defendant's Residence Address:       Date:
                                     ROBERT C. HEINEMANN
       ( SAME AS ABOVE )             CLERK OF COURT

                                     By:

                                     DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty four (24) months.

__XXX__  The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED AT A FACILITY IN PUERTO RICO.

___  The defendant is remanded to the custody of the United States Marshal.
___  The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

Defendant: ALEXANDER GARCIA  
Case Number: CR-05-162(ARR)

Judgment - Page   of

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIAPTE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL MAINTAIN FULL-TIME VERIFIABLE EMPLOYMENT AS DIRECTED BY THE PROBATION DEPARTMENT.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: **ALEXANDER GARCIA**         Judgment - Page of
Case Number: CR-05-162(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: **ALEXANDER GARCIA**  Judgment - Page    of
Case Number: CR-05-162(ARR)

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ _100.00_ , consisting of a fine of $ _N/A_ and a special assessment of $ _100.00_ .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

1     THE COURT: For the reasons expressed by Mr.
2  Kirchheimer, I agree that it's appropriate to view this case
3  as if it were a level 17, category I and I sentence Mr. Garia
4  to the custody of the Attorney General for a period of
5  24 months to be followed by a three-year period of supervised
6  release with special conditions that he participate in a
7  substance abuse treatment program selected by the Probation
8  Department which may include outpatient or residential
9  treatment and abstain from the use of all legal substances
10 and/or alcohol and contribute by co-payment or full payment
11 for services rendered in an amount to be determined by the
12 Probation Department based on his ability to pay and/or the
13 availability of third-party payment.
14     I'm also going to require that he maintain, insofar
15 as it's consistent with whatever drug program he is directed
16 to, full-time verifiable employment as directed by the
17 Probation Department. I prohibit the possession of a firearm.
18     I make the finding that he is unable to pay a fine
19 but I will impose the mandatory $100 special assessment.
20     I was going to recommend the 500-hour program but I
21 don't think he is even eligible for it with a sentence of this
22 nature.
23     MR. KIRCHHEIMER: No.
24     THE COURT: So I will recommend that if possible, if
25 there is an appropriate institution, that he serve his time in

1   the designated institution in Puerto Rico or as close as
2   possible to that location.
3        MR. KIRCHHEIMER: Judge, on the issue of
4   contributing to the cost of the drug program if a drug program
5   is ordered by Probation once he is released, if you look at
6   his employment record, page 10 section of the presentence
7   report, it appears to me that his prior employment has ranged
8   between $5 and $6 an hour which is about I guess as low as you
9   can have.
10       THE COURT: I don't know if you heard the end, it's
11  based on his ability to pay or availability of third-party
12  payments.
13       MR. KIRCHHEIMER: I would argue that given the kind
14  of work he has had in the past, he is not ever going to have
15  an ability to pay.
16       THE COURT: I don't know. The Probation Department
17  will be in a position to tell when he gets out and also
18  whether or not there are third-party payments available.
19       MR. KIRCHHEIMER: Thank you.
20       THE COURT: There are circumstances in which a
21  defendant may appeal the sentence, I don't believe it's going
22  to apply in your case but you discuss it with Mr. Kirchheimer.
23  If you choose to appeal, a notice of appeal must be filed
24  within ten days and a lawyer would represent you.
25       (The matter was concluded.)